UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MELINDA LAUCKS,<br>    Plaintiff,<br>    v.<br><br>MARK MCVAY, JOHN DEACON JR.,<br>W. MARK RUSSO, JOHN A.<br>DORSEY (Special Master), SETH<br>SCHALOW (Special Master),<br>MICHAEL A. SILVERSTEIN (Judge),<br>BRIAN P. STEARNS (Judge), and<br>BENJAMIN M. CUTCHSHAW,<br>    Defendants. | C.A. No. 16-093-M |

## ORDER

Before the Court are the following thirteen motions:

- Plaintiff's Motion for Recusal (ECF No. 7);

- Plaintiff's Motion for Leave for Additional Amendments to Complaint to Adjust Amount for Damages and Add Yet Un-Identified Liable Party (ECF No. 30);

- Plaintiff's Motion to Amend (ECF No. 14);

- Plaintiff's Motion to Vacate State Court Decision in Case PB 13-5636 (ECF No. 36);

- Plaintiff's Motion for Default Judgment (ECF No. 52);

- Plaintiff's Emergency Motion for Instant Injunction (ECF No. 75);

- Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 66);

- Plaintiff's Motion for Reconsideration or Transfer of Venue (ECF No. 81);

- Defendants W. Mark Russo, John A. Dorsey, and Seth Schalow's Motion to Dismiss (ECF No. 5);

- Defendants Justice Michael A. Silverstein and Justice Brian P. Stern's Motion to Dismiss (ECF No. 11);

- Defendant Mark McVay's Motion to Dismiss (ECF No. 4) and Defendant John Deacon, Jr.'s Motion for Summary Judgment (ECF No. 44); and

- Defendant Mark McVay's Motion for Sanctions (ECF No. 39).

For the reasons that follow, Plaintiff's Motions are DENIED; Defendants Russo, Dorsey, Schalow, Silverstein, and Sterns' Motions to Dismiss are GRANTED; Defendants McVay and Deacon's Motions for Summary Judgment are GRANTED; and Defendant McVay's Motion for Sanctions is DENIED. Plaintiff is ORDERED TO SHOW CAUSE within 14 days of this Order as to why the Court should not dismiss her claims against Defendant Benjamin Cutchshaw.

## I.   BACKGROUND[1]

Following a falling-out between Melinda Laucks and her former business partner, Mark McVay, their company, U.S. Textile, became the subject of litigation in Rhode Island Superior Court. (Compl. ¶ 44, ECF No. 1.) Rhode Island Superior Court Associate Justice Michael A. Silverstein placed the business under mastership pursuant to R.I. Gen. Laws § 19-12 *et. seq.* during the course of the litigation, and it remains under the control of Special Master W. Mark Russo and his associates, John A. Dorsey and Seth Schalow. (*Id.* ¶ 46.) Shortly after this state-court order, Ms. Laucks says that she notified the Special Master of Mr.

---

[1] In considering a motion to dismiss, the Court must take all facts alleged in the Complaint as true. *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009). At summary judgment, the Court must view all facts in the light most favorable to the non-moving party. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997). Accordingly, this section presents Plaintiff's version of the facts.

misconduct. (*Id.* ¶ 47.) Specifically, she alleges that she informed the court that her former partner Mr. McVay had once committed bank fraud, had pled guilty to charges of vandalism and domestic disturbance, and of a 2005 dispute she and Mr. McVay had over the ownership of U.S. Textile. (*Id.*) Despite these allegations, the Special Master refused to return U.S. Textile to her control. (*Id.*) Ms. Laucks alleges that the Special Master failed to adequately assess the evidence she presented, acted in an "extraordinarily hostile manner towards" her, and destroyed U.S. Textile's business relationships by ignoring customers. (*Id.* ¶¶ 51, 54.) Ms. Laucks further alleges that Justice Silverstein assisted the Special Master by restraining her from operating her business. (*Id.* ¶ 54.) Additionally, she alleges that Justice Silverstein falsely accused her of embezzlement and that he hurt the value of U.S. Textile by placing it in mastership. (*Id.* ¶¶ 54, 57.) Ms. Laucks further charges Rhode Island Superior Court Associate Justice Brian P. Stern with taking documents from her evidence packet, giving her a false impression about the outcome of her case, and working with the other Defendants to ensure that the court removed her from U.S. Textile. (*Id.* ¶¶ 57, 68, 69.)

In the midst of the state court litigation, Ms. Laucks and Mr. McVay signed a Joint Release and Settlement Agreement (the "Release") giving Mr. McVay 100 percent ownership of U.S. Textile. (*Id.* ¶ 70.) Ms. Laucks now claims that she signed this Release due to "extreme pressure" from the Special Master and "constant fear[]" of being held in contempt of court. (*Id.* ¶ 59.) Ms. Laucks attempted to rescind the contract two months later, but Justice Stern found it to be enforceable. (*Id.* ¶ 61.)

Ms. Laucks filed this federal lawsuit soon after that state-court action described above.

In addition to her claims against her former partner Mr. McVay, the Special Masters, and the two Associate Justices of the Rhode Island Superior Court, Ms. Laucks also names as Defendants Mr. McVay's attorney, John Deacon, Jr., and an attorney for U.S. Textile's client Kolon Industries, Benjamin Cutchshaw.

## II. DISCUSSION

A.    Plaintiff's Motions

   1.    *Motion for Recusal – ECF No. 7*

Ms. Laucks' motion to recuse the prior, presiding judge in this matter (ECF No. 7) is DENIED AS MOOT because that judge recused himself (ECF No. 77) on October 24, 2016.

Ms. Laucks also seeks in the same motion to "move for transfer of venue out of Rhode Island altogether" because "[i]t is not unreasonable that a possible conflict of interest may exist simply as a result of geography, social connections, and networking within the legal profession." (*Id.* at 2.) This request is unsupported by any facts or law and is otherwise without merit. Accordingly, Plaintiff's Motion for Recusal (ECF No. 7) is DENIED.

    2.    *Motion for Additional Amendments to Complaint to Adjust Amount for Damages and Add Yet Un-Identified Liable Party and Motion to Amend – ECF Nos. 14 and 30*

A court may deny leave to amend where the proposed amendment is futile. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Here, Ms. Laucks seeks to make the following amendments:

> 1. Citizens Bank Mastership Account Statements for valuation of business; Docket item 21 for actual damages incurred. Potential income and future income, had I not been removed from operations of the business, are likely significantly higher, to be derived from documents sought from Bay Logistics, GM and GM suppliers.
>
> 2. As of yet unidentified Bond underwriters per the attached REQUEST FOR DOCUMENTS

(ECF No. 30.) Ms. Laucks' first proposed amendment relates to her alleged damages. With respect to her second proposed amendment, Ms. Laucks states that she is "seeking to include additional financially-interested parties as may be revealed by the Bond documents." (*Id.* at 4.) Neither of these amendments would affect the merits of Ms. Laucks' case. Because the Court is granting Defendants' Motions to Dismiss and for Summary Judgment (see section B below), Ms. Laucks' Motion to Amend (ECF No. 14) is DENIED as futile.

Ms. Laucks' Motion to Amend (ECF No. 30) should also be DENIED. Nothing in her proposed amended complaint would change the outcome of the Court's rulings on summary judgment (see section B below), and therefore this amendment would be futile.

3.   *Motion to Vacate State Court Decision in Case PB 13-5636 – ECF No. 36*

Ms. Laucks asks "this Court to overturn and vacate all Orders and Decisions from Rhode Island Superior Court Case PB 13-5636 for being in violation of justice, and for improper jurisdiction by the State Court, and for perpetrating lack of due process in relation to this current case." (ECF No. 36 at 1.) This motion is barred by the *Rooker-Feldman* doctrine, which dictates, "that federal district courts should not serve as appellate courts to state courts." *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 214 (D.R.I. 2002); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The lack of jurisdiction is not altered by claims that the state judgment is unconstitutional . . . or that the plaintiff's constitutional rights were violated in the state proceeding . . . ." *Morey v. Rhode Island*, 359 F. Supp. 2d 71, 76 (D.R.I. 2005) (citations omitted). Accordingly, the Court DENIES Plaintiff's Motion to Vacate State Court Decision in Case PB 13-5636. (ECF No. 36.)

4.   *Motion for Default Judgment – ECF No. 52*

Ms. Laucks moves for "default judgment against defendant Benjamin Cutchshaw for failure to Answer." (ECF No. 52.) This motion is without merit, and, as explained further below, Ms. Laucks is ordered to show cause why her claims against Mr. Cutchshaw should not be dismissed.

First, there has been no entry of default by the Clerk, which "is a prerequisite to the entry of default judgment under Federal Rule 55." *Watrous v. Salisbury*, No. 09-599-S, 2010 WL 1640890, at *1 (D.R.I. Mar. 23, 2010), *report and recommendation*

*adopted*, No. 09-599-S, 2010 WL 1640892 (D.R.I. Apr. 16, 2010); *see also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 168 n.15 (1st Cir. 2004) ("'Prior to obtaining a default judgment under [Rule 55(b)], there must be an entry of default as provided by Rule 55(a).'" (quoting 10A Wright, Miller & Kane, § 2682) (alterations in original)). Second, the Summons that Ms. Laucks claims to have served was not signed by the Clerk of Court as required by Rule 4(a)(1)(F) of the Federal Rules of Civil Procedure. *Compare* Summons Returned, ECF No. 46, *with* Summons Issued as to Benjamin Cutchshaw, ECF No. 27.[2] Accordingly, Plaintiff's Motion for Default (ECF No. 52) is DENIED.

The next question is whether the Court should dismiss the claims against Mr. Cutchshaw. (ECF No. 59-1 at 3 n.3) ("Plaintiff filed her Complaint on February 26, 2016. Consequently, because Plaintiff has failed to serve a proper Summons within the 90-day period required by Fed. R. Civ. P. 4(m), the Court must dismiss Plaintiff's Complaint without prejudice."). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of such service. *Rivera–Lopez v. Municipality of Dorado*, 979 F.2d 885, 886 (1st Cir. 1992). "[I]f a plaintiff fails to

---

[2] Furthermore, it is not at all clear that any documents were actually served on Mr. Cutchshaw. Although Ms. Laucks attaches a purported Proof of Service, which states that a process server successfully effectuated service on Mr. Cutchshaw on May 14, 2016 at 2:15 p.m. (ECF No. 52-1), Mr. Cutchshaw submits an affidavit stating that this claim is false, as he was visiting relatives from approximately 10:00 a.m. to 7:00 p.m. on May 14. (ECF No. 59-2 at ¶¶ 3-7.) Ms. Laucks also claims to have sent Notice of Suit and Waiver of Summons via certified mail. (ECF No. 52-3.) Yet, as Mr. Cutchshaw observes, the tracking document provided by Ms. Laucks shows that her mail was still in transit at the time of her Motion for Default and had not been delivered. (ECF No. 59-1 at 3; *see* ECF No. 52-1 at 3.)

properly serve a named defendant . . . , he must show 'good cause why such service was not made within that period' or face dismissal." *Benjamin v. Grosnick*, 999 F.2d 590, 591 (1st Cir. 1993) (quoting FED. R. CIV. P. 4(j)).

Ms. Laucks has not demonstrated that she properly effectuated service. In particular, as noted above, the returned summons she filed with the Court (ECF No. 46) did not have the Clerk's signature. Therefore, the Court would be within its power to dismiss the claims against Mr. Cutchshaw based on the record at this time. However, out of an abundance of caution, the Court will give Ms. Laucks an opportunity to show cause before dismissing her Complaint against Mr. Cutchshaw, although the fact she is pro se is not an excuse for failing to make proper service.

Moreover, even if she had properly effectuated service, Ms. Laucks' allegations against Mr. Cutchshaw do not appear to support her claims against him. As Mr. Cutchshaw notes, the only two statements concerning him in the Complaint are the following:

> Paragraph 44: Attorney Cutchshaw apparently "advised against" Plaintiff shutting down her business and re-incorporating under a different name.

> Paragraph 49: Attorney Cutchshaw apparently told Plaintiff that his client would insist that she be kept on running U.S. Textile's business while it was in a mastership proceeding.

(ECF No. 59 at 2.) Although "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly," they are appropriate "in limited circumstances." *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (internal citations omitted). However, "such dismissals are erroneous unless the parties have been afforded notice and an

opportunity to amend the complaint or otherwise respond." *Id.* Here, the Court cannot see how either allegation against Mr. Cutchshaw states any claim on which the Court may grant relief. Therefore, sua sponte dismissal may be appropriate, so long as the Court affords Ms. Laucks an opportunity to respond.

Accordingly, Ms. Laucks is hereby ORDERED TO SHOW CAUSE within 14 days of this Order why the Court should not dismiss her claims against Mr. Cutchshaw. Specifically, she must demonstrate, in writing, (1) why her purported service of an unsigned Summons does not warrant dismissal, and (2) why her Complaint against Mr. Cutchshaw should not be dismissed for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

5. *Emergency Instant Motion for Injunction - ECF No. 75*

Ms. Laucks filed an "Emergency, Instant Motion for Injunction for Personal Money and US Textile Inc. Income Misappropriated by State Court Mastership." (ECF No. 75.) A plaintiff seeking an injunction must show likelihood of success, irreparable injury, an injury that outweighs any harm from an injunction, and service to the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). Ms. Laucks is not able to establish that there is a likelihood of success on the merits (see section B below). Therefore, the Court DENIES Plaintiff's Motion for an Injunction. (ECF No. 75.)

6. *Leave to Proceed In Forma Pauperis – ECF No. 66*

The Motion to Proceed In Forma Pauperis (ECF No. 66) is DENIED AS MOOT. Ms. Laucks paid the filing feint his case on March 2, 2016.

7.    *Reconsideration or Transfer of Venue – ECF No. 81*

Ms. Laucks asked the Court to reconsider its denial of her request for an injunction or to transfer venue to Connecticut or New York. Ms. Laucks, who chose this venue, offers no new factual or legal arguments that would cause this Court to reconsider the previous denial of injunctive relief. Moreover, Ms. Laucks has not set forth any basis for her request to transfer venue from this district. Venue is appropriate in Rhode Island and there is no basis for the Court to transfer this matter for any real or perceived bias. The Court therefore DENIES Plaintiff's Motion for Reconsideration or to Transfer Venue. (ECF No. 81.)

B.    <u>Defendants' Motions</u>

1.    *Justices Silverstein and Stern's Motion to Dismiss – ECF No. 11*

Judges are entitled to absolute immunity from lawsuits for actions taken in the course of their judicial duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."). The rationale for judicial immunity is that:

> [i]t is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking [sic] but to intimidation.

*Pierson*, 386 U.S. at 554. Accordingly, judicial "immunity applies even when the judge is accused of acting maliciously and corruptly." *Id.*; *see also Guzman-Rivera v. Lucena-Zabala*, 642 F.3d 92, 96 (1st Cir. 2011) ("If a civil action could be maintained against a judge by virtue of an allegation of malice, judges would lose that independence without which no judiciary can either be respectable or useful." (quoting *Butz v. Economou*, 438 U.S. 478, 509 (1978))).

Ms. Laucks can overcome judicial immunity in only two circumstances: (1) "actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Neither exception applies in this case.

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (second alteration in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Here, all of Ms. Laucks' allegations concern actions Justices Silverstein and Stern took in their role as judges during the course of her state-court litigation. Judges normally perform these actions - including placing U.S. Textile under the control of a Special Master, issuing no-contact orders, and finding Ms. Laucks in contempt of court orders. As a result, the actions Ms. Laucks cite are all "judicial" in nature.

Ms. Laucks claims that Justices Silverstein and Stern lacked jurisdiction because they allegedly "fail[ed] to enjoin [sic] the indispensable party, Korean

manufacturer, Kolon Industries." (ECF No. 26 at 3.) This argument is without merit. Failure to join an indispensable party does not deprive a court of subject matter jurisdiction. Even if that choice were an error, "[a] judge does not lose immunity because an action is erroneous, malicious, in excess of authority, or disregardful of elementary principles of procedural due process, as long as the judge had jurisdiction over the subject matter before him." *Stiggle v. Tamburini*, 467 F. Supp. 2d 183, 186 (D.R.I. 2006) (citing *Decker v. Hillsborough Cty. Attorney's Office*, 845 F.2d 17, 21 (1st Cir. 1988)).

Accordingly, Defendants Justices Silverstein and Stern's Motion to Dismiss (ECF No. 11) is GRANTED.

2.     *Messrs. Russo, Dorsey, and Schalow's Motion to Dismiss – ECF No. 5*

The First Circuit has held that Special Masters, appointed by the judiciary, are entitled to quasi-judicial immunity, reasoning that "those who perform adjudicative functions 'require a full exemption from liability.'" *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012) (quoting *Butz*, 438 U.S. at 508). Special Masters acting in accordance with a court order are thus granted the same protection as the judge who actually made the order. *Id.* Without protection, court-appointed Special Masters could become "lightning rod[s] for harassing litigation aimed at judicial orders," and judges could be prevented from enjoying the protections of their own immunity for fear of subjecting the court appointee to litigation. *Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976). Like judicial immunity,

allegations of bad faith, malice, or conspiracy will not overcome quasi-judicial immunity. *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989).

Here, Ms. Laucks has presented an amalgamation of claims against the Principal Special Master, Mr. Russo. These allegations include failing to adequately assess evidence, not allowing Ms. Laucks to run U.S. Textile, conspiring to convert U.S. Textile, and attempting to intimidate Ms. Laucks prior to court appearances. (Compl. ¶¶ 48-52, 59, ECF No. 1.) However, Ms. Laucks' allegations do not make any claims against the Special Master that allege bad conduct *outside the scope* of the mastership. Therefore, quasi-judicial immunity protects the Special Master.

Likewise, all of Ms. Laucks' allegations against Defendants Mr. Dorsey and Mr. Schalow concern actions they took while acting as agents of the Special Master. It is well established that agents of disclosed principals cannot be held personally liable for actions taken in the scope of the agency. *Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014) (citing *Cardente v. Maggiacomo Ins. Agency, Inc.*, 272 A.2d 155, 156 (R.I. 1971)). Exceptions to this rule exist only "for unauthorized acts outside the scope of the agency, for acts to which the agent has bound himself or herself—either expressly or impliedly—under a contract, or for acts within the scope of a duty that is otherwise independent of the agency relationship." *Id.* (quoting *Kennett v. Marquis*, 798 A.2d 416, 419 (R.I. 2002)). Because none of Ms. Laucks' allegations concern actions taken outside of their role as agents of the Special Master, the Court will also dismiss the claims against Mr. Dorsey and Mr. Schalow.

Accordingly, Defendants Messrs. Russo, Dorsey, and Schalow's Motion to Dismiss (ECF No. 5) is GRANTED.

3.    *Messrs. McVay and Deacon's Motions to Dismiss and for Summary Judgment – ECF Nos. 4 and 44*

Ms. Laucks alleges a litany of claims against her former business partner, Mr. McVay, and his attorney, Mr. Deacon, arising out of Ms. Laucks' failed business relationship with Mr. McVay and the state-court litigation that ensued.  Mr. McVay and Mr. Deacon have both moved to dismiss (ECF No. 4) or for summary judgment (ECF No. 44.)

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Here, Messrs. McVay and Deacon are entitled to summary judgment because Ms. Laucks discharged her claims against them in the Release she and Mr. McVay executed (Ex. 1 to Mr. McVay's Statement of Undisputed Facts ("SUF"), ECF No. 4-3), and the Rhode Island Superior Court subsequently found that agreement to be enforceable.  *See Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 31–32 (1st Cir. 1991) ("It is beyond cavil that a suit can be barred by the earlier settlement of another suit in either of two ways: res judicata or release.").

According to the Release, Ms. Laucks discharged any claims against "McVay, and, his heirs, executors, administrators, successors, assigns, and agents . . . arising out of or in any way relating to U.S. Textile, the Dispute and/or the [State Court] Litigation." (Ex. 1 to McVay's SUF ¶ 2, ECF No. 4-3.)  Mr. Deacon, as Mr. McVay's

14

attorney (Deacon Aff. ¶ 1, ECF No. 44-6), is an "agent." *See McBurney v. Roszkowski*, 875 A.2d 428, 437 (R.I. 2005) ("We have recognized that '[t]he relationship [between an attorney and client] is essentially one of principal and agent.'" (alteration in original) (quoting *State v. Cline*, 405 A.2d 1192, 1199 (R.I. 1979))). Ms. Laucks' claims against Messrs. McVay and Deacon clearly relate to the dispute surrounding U.S. Textile and the resulting state court litigation. The "Summary" of Ms. Laucks' Complaint states that she has

> been wrongfully denied rightful ownership and access to her business, US Textile Inc. in conjunction to crimes of physical violence, vandalism of a computer used for interstate business, and other threats upon her on two occasions within a ten year period, first in 2005 for a period of nearly one year, and again in 2014 by Mr. Mark McVay, her former business partner, in conjunction with the remaining defendants in a Rhode Island Superior Court civil Action willfully and knowingly deprived the Plaintiff of operations, income and access to her business .
> . . .

(Compl., ECF No. 1 at ¶ 11.)

Ms. Laucks now contends that the Release "was created in bad faith with intent to defraud and judicial misconduct on the part of court appointed officers" and "offers not a single penny of consideration." (ECF No. 12-1.) These arguments are barred by the doctrine of collateral estoppel or issue preclusion, which states, "an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings." *Foster-Glocester Reg'l Sch. Comm. v. Bd. of Review*, 854 A.2d 1008, 1014 (R.I. 2004) (quoting *George v. Fadiani*, 772 A.2d 1065, 1067 (R.I. 2001)).

For collateral estoppel to apply, the case must meet three requirements: "(1) the parties are the same or in privity with the parties of the previous proceeding; (2) a final judgment on the merits has been entered in the previous proceeding; [and] (3) the issue or issues in question are identical in both proceedings." *Id.* All three prongs are met here. First, the party against whom collateral estoppel is being asserted – Ms. Laucks – was a party in the prior state court litigation. *See Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 978 n.8 (1st Cir. 1995) ("A party invoking issue preclusion need not show that it was privy to the first proceeding. It need only show that 'the *party against whom issue preclusion will be applied* had a fair opportunity to litigate the issue fully.'" (emphasis in original) (citations omitted) (quoting *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 (1st Cir. 1992))). Second, there has been a final judgment on the merits. Justice Stern held a trial in December 2014 on Mr. McVay's claim for enforcement of the Release and entered Judgment for Mr. McVay in March 2015. (ECF No. 4-1 at ¶¶ 16-17.) The judgment became final November 5, 2015, when the appeal period expired without the filing of any notice of appeal. (*Id.* ¶ 17.) Third, the issue in both proceedings is identical: whether the Release is enforceable. Ms. Laucks does not dispute that this was the subject of the prior state-court proceeding. Indeed, she admits that she submitted motions in the state-court action "to nullify and to vacate the [allegedly] coerced 'settlement agreement.'" (ECF No. 12-1 at 13.) She merely takes issue with the *outcome* of that proceeding.

Although Ms. Laucks disputes numerous facts concerning what happened during the state-court proceedings, she has not demonstrated that there are any *material* facts in dispute concerning (1) the Court's determination that the Release, on its face, covers her claims in this case, or (2) that her contentions about the unenforceability of the Release are barred by collateral estoppel.

Accordingly, the Court GRANTS summary judgment (ECF No. 4 and 44) for Mr. McVay and Mr. Deacon.

### 4.    *Mr. McVay's Motion for Sanctions – ECF No. 39*

Mr. McVay moves for sanctions against Ms. Laucks (ECF No. 39) based on her Motion to Vacate State Court Decision in Case PB 13-5636 (ECF No. 36). Mr. McVay claims that "[n]one of plaintiff's factual contentions are true, and none has any evidentiary support whatever," in violation of Rule 11 (b)(3) of the Federal Rules of Civil Procedure; that "[t]he plaintiff's motion has no legal basis whatever, in violation of Rule 11(b)(2);" and that "[t]he purpose of plaintiff's motion is harassment, delay, and imposition of excessive and unnecessary costs of litigation" in violation of Rule 11(b)(1). (ECF No. 39 at 1.) With respect to Ms. Laucks' factual allegations, it is not the Court's role at this stage to evaluate the credibility of the Complaint. The Court agrees that there is no legal basis to Ms. Laucks' Motion to Vacate, *see supra* Section II.A.3; however, it declines to impose sanctions given Ms. Laucks' pro se status. *See Mills v. Brown*, 372 F. Supp. 2d 683, 692 (D.R.I. 2005) ("[P]leadings filed by pro se litigants are held to 'less stringent standards than formal pleadings drafted by

lawyers . . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972))).  Accordingly, Mr. McVay's Motion for Sanctions (ECF No. 39) is DENIED.

## III. CONCLUSION

The following <u>Plaintiff's Motions</u> are DENIED:

1.  for Recusal (ECF No. 7);

2.  for Additional Amendments to Complaint to Adjust Amount for Damages and Add Yet Un-Identified Liable Party (ECF No. 30);

3.  to Amend (ECF No. 14);

4.  to Vacate State Court Decision in Case PB 13-5636 (ECF No. 36);

5.  for Default Judgment (ECF No. 52), and for Emergency Instant Injunction (ECF Nol. 75);

6.  to Proceed In Forma Pauperis (ECF No. 66); and

7.  for Reconsideration or Transfer of Venue (ECF No. 81).

The following <u>Defendants' Motions</u> are GRANTED:

1.  W. Mark Russo, John A. Dorsey, Seth Schalow, Justice Michael A. Silverstein, and Justice Brian P. Stern's Motions to Dismiss (ECF Nos. 5 and 11); and

2.  Mark McVay and John Deacon Jr.'s Motions for Summary Judgment (ECF Nos. 4 and 44).

The following <u>Defendant's Motion</u> is DENIED:

1.  Mark McVay's Motion for Sanctions (ECF No. 39).

Furthermore, Ms. Laucks is ORDERED TO SHOW CAUSE within 14 days of this Order why her claims against Defendant Mr. Cutchshaw should not also be dismissed.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

November 3, 2016